**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **FINANCIAL SERVICES** )<br>**OF AMERICA, L.L.C.,** )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　**Plaintiff,** )<br>　　　　　　　　　　　　　　　　　)<br>**v.** )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>**EGL-EAGLE GLOBAL LOGISTICS, L.P.,** )<br>**et al.,** )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　**Defendants.** )<br>　　　　　　　　　　　　　　　　　) | **CIVIL ACTION**<br><br>**No. 04-2497-CM** |

**MEMORANDUM AND ORDER**

Plaintiff Financial Services of America, L.L.C. ("FSA") brings this action against defendants EGL-Eagle Global Logistics, L.P. ("EGL") and Glenn National Carriers, Inc. This matter is before the court on EGL-Eagle Logistics, L.P.'s Motion to Strike (Doc. 45); EGL-Eagle Logistics, L.P.'s Consolidated Motion to Dismiss and Motion for Summary Judgment (Doc. 39); and Plaintiff's Motion for Summary Judgment (Doc. 41).

**I.    Factual Background**[1]

In April 2004, defendant EGL was receiving transportation services from Fleet Logistics, L.L.C. ("Fleet") pursuant to a Carrier Agreement. At that time, Ryan Transportation Services ("RTS") was Fleet's "factor," which means RTS provided Fleet with financing by advancing credit on Fleet's accounts receivable. On April 24, 2004, Fleet sold certain accounts receivable to

---

[1] The court has combined the facts proposed by both parties, and included only those that are relevant, material, and properly supported by the record. The court has also relied on the Stipulations of Fact (Doc. 38), which plaintiff and defendant EGL stipulated to for purposes of summary judgment only.

Intermodal Direct Express Equipment Corp. ("IDEE").  On April 29, 2004, IDEE and Fleet entered an agreement for IDEE to lease Fleet's equipment and drivers to provide transportation services to Fleet's clients, including to defendant EGL ("Lease Agreement").  On May 13, 2004, IDEE and plaintiff entered into a factoring agreement in which IDEE assigned to plaintiff all of IDEE's accounts receivable, including defendant EGL's account.  IDEE provided transportation services to defendant EGL through mid-June of 2004 as lessee of Fleet's equipment and drivers under the Lease Agreement.  IDEE invoiced defendant EGL for the services, and defendant EGL received the invoices within thirty days of the date of each invoice.

On June 16, 2004, IDEE and plaintiff sent defendant EGL letters explaining that payment for services after April 29, 2004 should be made to plaintiff, not Fleet or RST.  On June 21, 2004, Fleet informed defendant EGL that it should pay its factor, RST, not IDEE's factor, plaintiff, for the shipping services.  Defendant EGL paid RTS or Fleet per Fleet's instructions and did not pay plaintiff.  The invoices plaintiff claims are due total $92,929.24.  Defendant EGL paid $91,629.24 of the $92,929.24 to other entities.

## II.     Motion to Strike

Defendant EGL requests that the court strike the Affidavit of Kenneth W. Wilson, Jr. (Doc. 43) and the May 11, 2004 letter attached to the affidavit.  Plaintiff relies upon both the affidavit and the letter to support its summary judgment motion, but failed to attached them to the motion it filed on April 13, 2007.  On April 16, 2007, defendant EGL's counsel requested copies of the documents from plaintiff's counsel and learned that Mr. Wilson had not signed his affidavit.  According to plaintiff's counsel, Mr. Wilson had orally approved the affidavit's content.  Mr. Wilson finally signed his affidavit on April 25, 2007, according to the Declaration of Rebecca Rogers, and plaintiff

filed it on April 27, 2006. The parties dispute whether plaintiff's counsel provided defendant EGL's counsel with an unsigned, but orally approved, copy of the affidavit prior to filing the final affidavit.

Defendant argues that the affidavit and letter should be stricken as untimely. Federal Rule of Civil Procedure 6(d) requires that a supporting affidavit be served with the motion. But "[a] district court may, in its discretion, consider an untimely affidavit for 'cause shown' if the failure to timely file the affidavit 'was the result of excusable neglect.'" *Essence, Inc. v. City of Fed. Heights*, 285 F.3d 1272, 1288 (10th Cir. 2002) (citing Fed. R. Civ. P. 6(b)(2)).

In its response in opposition, which plaintiff also filed untimely[2], plaintiff states that the affidavit was untimely-filed because Mr. Wilson did not honor his repeated assurances to counsel that he would come into plaintiff counsel's office and sign the affidavit, despite repeated requests by plaintiff's counsel. The Federal Rules of Civil Procedure and this court's Local Rules provide for such circumstances by allowing parties to file motions for extensions of time. Had plaintiff followed the court's rules, this motion could have been avoided. Additionally, plaintiff's counsel should have alerted the court and the other parties that it was not attaching the affidavit to the motion and provided defendant's counsel with the unsigned copy of the affidavit the day it filed its motion. However, after reviewing the record, the court finds that plaintiff's negligence is excusable—plaintiff's counsel was relying on Mr. Wilson's repeated assurances—and that defendant has not been prejudiced by the untimely filing—defendant had the affidavit prior to filing its response and could have sought an extension of time to file its response if necessary.

Defendant also complains that the affidavit is not technically correct because (1) it is not

---

[2] Defendant urges the court to disregard plaintiff's response because it was also filed untimely. The court will consider the response, but orders the parties to comply with all of the Federal Rules of Civil Procedure and this court's Local Rule in the future. The court will strike all pleadings filed out of time unless an appropriate motion is filed pursuant to the court's rules.

dated; (2) it looks "pieced" together; and (3) it is not based on personal knowledge. In his affidavit, Mr. Wilson swears that he makes it upon his own knowledge and information and belief; that he was a consultant for and "acting" president of IDEE; and that he is familiar with the specific matters set forth in the affidavit. And Ms. Rogers swears, in her declaration, that Mr. Wilson signed his affidavit on April 25, 2007. The court has reviewed the affidavit and believes that it is sufficient.

Defendant EGL also argues that the May 11, 2004 letter should be stricken because it was not attached to the affidavit and was not previously produced during discovery. In his affidavit, Mr. Wilson states that:

> On or about May 11, 2004, Fleet and IDEE sent a joint letter to all Fleet/IDEE customers, advising them of the fact that as of April 28, 2004 IDEE had been providing services, and that payments should be made to IDEE for services from April 28 forward, [I] do not have a copy of the letter actually sent to EGL, but an unsigned "form copy" is attached to this affidavit as Exhibit "A." Exhibit A is the same letter which was sent to all customers, including to EGL.[3]

The May 11, 2004 letter attached to the affidavit is addressed to Delphi Automotive Systems, not defendant EGL. Fed. R. Civ. P. 56(e) requires that sworn or certified copies of all papers referred to in an affidavit be attached or served with the affidavit. Ordinarily, the Court does not strike affidavits but disregards those portions which do not comply with Rule 56(e). *Maverick Paper Co. v. Omaha Paper Co., Inc.*, 18 F. Supp. 2d 1232, 1234–35 (D. Kan. 1998). Here, plaintiff has not complied with Rule 56(e) because it has not submitted a copy of the letter sent to defendant EGL. The court will disregard the portion of Mr. Wilson's affidavit stating that the letter was sent specifically to defendant EGL. But the attached May 11, 2004 letter is referred to in the affidavit, and thus, there is no need for it to be stricken from the record or disregarded under Rule 56(e).

Defendant also argues that the May 11, 2004 letter should be excluded under Fed. R. Civ. P.

---

[3] Many of the typographical errors were corrected in the updated version filed by plaintiff as an attachment to its response (Doc. 48).

-4-

37(c)(1) because plaintiff did not disclose it in its Rule 26(a) disclosures. "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). The determination of whether a Rule 26(a) violation is justified or harmless is within the court's discretion. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). Although the court need not make explicit findings regarding the justification or harmlessness of the failure to disclose, the court should consider the following four factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted). Here, defendant has had the letter since April 27, 2007, and plaintiff is willing to cooperate with defendant EGL to take any discovery defendant may need regarding the document. The court, therefore, finds that plaintiff's failure to disclose the letter in its Rule 26(a) disclosures was harmless.

**III.    Defendant EGL's Motion to Dismiss**

Defendant EGL moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*

*grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Defendant EGL argues that plaintiff's complaint does not allege facts to support its quantum meruit claim. To state a claim for quantum meruit, plaintiff must plead facts alleging that (1) it conferred a benefit upon defendant; (2) defendant appreciated or knew of the benefit; and (3) defendant accepted or retained the benefit under circumstances that make it inequitable for defendant to retain the benefit without payment of its value. *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 910 P.2d 839, 845 (Kan. 1996) (setting forth the elements of a quantum meruit claim under Kansas law). Defendant EGL contends that plaintiff did not allege facts to support any of these elements.

The federal rules require no more than "notice pleading" to adequately state a cause of action. *See Phillips USA, Inc. v. Allflex USA, Inc.*, No. 94-2012-JWL, 1994 WL 398277, at *1 (D. Kan. July 6, 1994). Notice pleading under Fed. R. Civ. P. 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not contain detailed facts, but it must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. More specifically, the complaint "must 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Gallardo v. Bd. of County Comm'rs*, 857 F. Supp. 783, 787 (D. Kan. 1994) (quoting *Gooley v. Mobil Oil Co.*, 851 F.2d 513, 515 (1st Cir. 1988)).

Plaintiff's complaint alleges that defendant EGL received shipping services; that defendant EGL received notice of IDEE's assignment of defendant EGL's account to plaintiff; and that defendant EGL refused to pay plaintiff for the services despite knowledge that its payments were to be made to plaintiff. Having reviewed plaintiff's complaint and considered the parties' arguments, the court finds that plaintiff's quantum meruit claim is sufficient to withstand defendant EGL's

motion to dismiss.

## IV.   Cross-Motions for Summary Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Filing cross-motions for summary judgment does not change the standard of review. *James Barlow Family Ltd. P'ship v. David M. Munson Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997) ("Where, as here, the parties file cross motions for summary judgment, we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts.").

### *A.     Defendant's Motion*

To prevail on its quantum meruit claim, plaintiff must establish the three *Haz-Mat* elements set forth above.[4] Defendant EGL argues that it is entitled to summary judgment on plaintiff's quantum meruit claim because plaintiff cannot establish that defendant EGL appreciated or knew of the benefit conferred to it. But this is a disputed fact. Nancy Davis, defendant EGL's Director of Global Accounts, stated in her affidavit that defendant EGL was not aware that it had received services from IDEE and that it believed that Fleet had continued to provide the services. Mr. Wilson stated in his affidavit that defendant EGL requested services directly from IDEE and that notification

---

[4] The court notes that defendant EGL also argues that plaintiff's quantum meruit claim fails because IDEE, not plaintiff, conferred the benefit to defendant EGL. Based on the parties' briefs, the court is not prepared to rule on this issue. If defendant wishes to pursue this issue, it should file a trial brief on the issue five days before trial and plaintiff shall file its response two days before trial.

-7-

that IDEE provided service on behalf of Fleet was sent to all of Fleet's customers. Because the material facts are disputed, summary judgment on this claim is not appropriate.

Defendant also argues that the court should grant summary judgment in its favor on plaintiff's breach of contract claims because plaintiff cannot establish that there was a contract between defendant EGL and IDEE. This is also in dispute. Mr. Wilson stated in his affidavit that defendant EGL requested transportation services directly from IDEE. He also stated that IDEE provided notice to all of its customers that IDEE was providing the transportation services instead of Fleet. Based on the record before it, the court finds that there are genuine issues of material fact in dispute. Defendant's motion is denied.

### B. *Plaintiff's Motion*

Plaintiff argues that it is entitled to summary judgment on its quantum meruit claim because (1) defendant EGL knew, by invoices and the June 21, 2004 letter, that IDEE provided transportation services and (2) defendant EGL retained the services without paying for them. The court finds that summary judgment is not warranted on this claim because there is a genuine dispute of fact regarding whether defendant EGL knew that IDEE was providing the transportation services and whether defendant EGL's failure to pay was inequitable. Plaintiff also seeks summary judgment on its breach of contract claims, arguing it is entitled to summary judgment because (1) defendant EGL was obligated to pay someone for transportation services; (2) defendant EGL requested services; (3) and IDEE performed the services. The court disagrees. Plaintiff has not met its burden to show that there was a contract, the terms of the contract, or that plaintiff is entitled to judgment under the contract. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that EGL-Eagle Logistics, L.P.'s Motion to Strike (Doc. 45) is denied.

-9-

**IT IS FURTHER ORDERED** that EGL-Eagle Logistics, L.P.'s Consolidated Motion to Dismiss and Motion for Summary Judgment (Doc. 39) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 41) Motion for Summary Judgment is denied.

Dated this 17th day of August 2007, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**
